**VARDON GOLF COMPANY, INC., Plaintiff,**

v.

**SUPREME GOLF SALES, INC., (Ohio Corporation) d/b/a/ and Under Assumed Name of: Golf Mart, Inc., Defendant.**

**No. 89 C 2654.**

United States District Court, N.D. Illinois, E.D.

July 20, 1990.

Dillis V. Allen, Allen & Associates, Elk Grove Village, Ill., for plaintiff.

Keith W. Medansky, Rudnick & Wolfe, Mark I. Feldman, Chicago, Ill., Sumner C. Rosenberg, Needle & Rosenberg, Dale Lischer, Peter G. Pappas, Jones Askew & Lunsford, Atlanta, Ga., pro hac vice, for defendant.

## MEMORANDUM OPINION AND ORDER

LINDBERG, District Judge.

Plaintiff, Vardon Golf Company, Inc., has moved to amend its complaint to add

---

Mizuno Golf Company (Mizuno) as an additional defendant and to add additional golf clubs whose sale by defendant, Supreme Golf Sales, Inc., allegedly infringed plaintiff's United States Patent No. 3,847,399. There are two separate issues which will be discussed separately.

As a preliminary matter, the motion before the court is labeled a joint motion—and is purportedly made by plaintiff and Mizuno, which is called a defendant. Mizuno is not a defendant, and a joint motion by plaintiff and a non-party would not seem appropriate in the posture of this case. The court has therefore treated the motion as plaintiff's.

■ The request to add Mizuno as a defendant will be considered first. According to the motion:

2. Plaintiff and MIZUNO GOLF COMPANY have reached an agreement freeing MIZUNO of all liability prior to January 15, 1990 and precluding MIZUNO from manufacture and importation of infringing clubs after that date.

.      .      .      .      .

4. The parties desire the accompanying Consent Order and Injunction to be entered by the Court.

It is apparent from this motion, the memorandum submitted in support of the motion, and the exhibits attached to the memorandum including a copy of the settlement agreement, that plaintiff and Mizuno have completely settled their dispute over the alleged infringement of plaintiff's patent. The Supreme Court has said:

The exercise of judicial power under Art. III of the Constitution depends on the existence of a case or controversy.... [A] federal court has neither the power to render advisory opinions nor "to decide questions that cannot affect the rights of litigants in the case before them." Its judgments must resolve " 'a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.' " .... As the Court noted last

Term, ... "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed...."
*Preiser v. Newkirk*, 422 U.S. 395, 401–02, 95 S.Ct. 2330, 2334, 45 L.Ed.2d 272, 277–78 (1975) (citations omitted). Because of the requirement of the existence of a live case or controversy, a federal court is unable to hear a moot case. *DeFunis v. Odegaard*, 416 U.S. 312, 316, 94 S.Ct. 1704, 1705, 40 L.Ed.2d 164, 168–69 (1974). If a dispute has been settled, it is moot. *Matter of S.L.E., Inc.*, 674 F.2d 359, 364 (5th Cir. 1982). See also *Lake Coal Company, Inc. v. Roberts & Schaefer Co.*, 474 U.S. 120, 106 S.Ct. 553, 88 L.Ed.2d 418 (1985); *Buck's Stove & Range Company v. American Federation of Labor*, 219 U.S. 581, 31 S.Ct. 472, 55 L.Ed. 345 (1911).

The only authority plaintiff cites as supportive of its position that this case is not moot is one factually similar to the case at bar in which the question of whether the action was moot was apparently never raised. Plaintiff contends that the Sixth Circuit's failure to question the jurisdiction of the District Court in that case supports its position that the dispute with Mizuno is not moot. *Schlegel Manufacturing Company v. USM Corporation*, 525 F.2d 775, 777 (6th Cir.1975). In light of the authority previously cited, this court will not follow what is at most an implicit, and may even have been a completely unconsidered, holding on the question of jurisdiction.

In the case at bar, the dispute between plaintiff and Mizuno has been settled. It is moot and this court is constitutionally without jurisdiction to entertain it. Therefore, that portion of plaintiff's motion seeking to add Mizuno as a defendant will be denied.

■ Plaintiff also seeks to add allegations that additional golf clubs sold by defendant infringed plaintiff's patent. Defendant makes the following argument:

Now, after nine months have elapsed since Supreme first identified the additional clubs to Vardon, after more than four weeks have passed since the end of the discovery period in this case, and only a few weeks before substantive mo-

tions and a proposed pretrial order are due, Vardon is attempting to expand the scope of this action to include additional claims of patent infringement based on the sale of six different brands of clubs made by five different manufacturers. Vardon has made no showing as to why it could not have amended the Complaint sooner to include the other additional clubs. Supreme submits that Vardon's delay in amending the Complaint is inexcusable and untimely after nine months of delay and after discovery has closed and significant pretrial preparation is under way.

As persuasive as this argument is as to plaintiff's failings, defendant is unpersuasive in arguing prejudice. In fact, the only argument on prejudice defendant makes is that:

> The addition of these other golf clubs to the Complaint will require Supreme to undertake significant additional pretrial preparation and cost. Accordingly, Supreme submits that the addition of the other allegedly infringing clubs to the Complaint at this stage of the present action will prejudice the preparation of Supreme's defense and thus is improper.

Thus, defendant's argument that it will be prejudiced is not at all specific as to what prejudice defendant will suffer.

Rule 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." FRCP 15(a). In this case, where defendant has made only a very general argument that it will be prejudiced, the court believes that justice requires that plaintiff be permitted to amend its complaint to allege the infringement of plaintiff's patent by defendant's sale of the additional golf clubs.

Therefore, plaintiff will not be granted leave to file the proposed amended complaint submitted with the motion to amend the complaint but will be granted leave to file an amended complaint consisting of the allegations contained in Count I of the proposed amended complaint submitted with plaintiff's motion to amend the complaint.

ORDERED: Plaintiff's motion to amend the complaint is allowed in part and denied in part. The motion to amend is denied insofar as it seeks to add Mizuno Golf Company as a defendant and granted insofar as it seeks to allege the infringement of plaintiff's patent by defendant's sale of additional golf clubs. Leave to file the proposed amended complaint submitted with the motion to amend the complaint is denied. Plaintiff is ordered to file on or before August 1, 1990, an amended complaint consisting of the allegations contained in Count I of the proposed amended complaint submitted with the motion to amend the complaint.